NOT DESIGNATED FOR PUBLICATION

No. 113,442

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN THOMAS GOOD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Labette District Court; JEFFRY L. JACK, judge. Opinion filed September 23, 2016. Reversed and remanded with directions.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Stephen P. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., PIERRON and MCANANY, JJ.

*Per Curiam*: John Thomas Good appeals from the district court's decision denying his motion to correct an illegal sentence. Good maintains his sentence is illegal because the court extended his probation beyond the statutorily-allowed maximum probation period before it revoked his probation and ordered him to serve his prison sentence. We agree with Good.

On April 24, 2007, Good pled nolo contendere to one count each of possession of methamphetamine in violation of K.S.A. 65-4160(a), a drug severity level 4 felony, and battery on a law enforcement officer under K.S.A. 21-3413, a class A person

1

misdemeanor for conduct that occurred on February 22, 2006. Pursuant to the plea agreement, the State moved to dismiss the four other counts of the original complaint, which the district court granted. On August 13, 2007, the district court sentenced Good to mandatory drug treatment for up to 18 months with an underlying 24-month prison sentence. Additionally, he received a 12-month jail sentence on the misdemeanor conviction, which appears to have also been imposed as an underlying sentence.

On September 22, 2008, the district court determined that Good had violated his probation and, therefore, extended his probation for 18 months and ordered him to spend 90 days in inpatient or intensive outpatient drug treatment. The court again extended Good's probation for 12 months on March 12, 2010, to allow him additional time to pay his court costs and to complete all other conditions of probation.

On January 20, 2011, the district court held another probation violation hearing. The court extended Good's probation for 12 months and imposed 10 days of jail as a sanction. The record shows the State moved to revoke Good's probation on July 28, 2011, but the district court did not file another probation violation journal entry until April 29, 2013, at which time the court extended Good's probation for another 6 months.

Finally, on September 6, 2013, after the district court again determined that Good had violated his probation, the court revoked Good's probation and ordered him to serve his underlying sentence. It does not appear from a review of the record that Good appealed any of the district court's decisions to extend or revoke his probation.

On July 3, 2014, Good filed a motion to correct an illegal sentence. He argued that due to his probation extensions, he was on probation in this case for 73 months before his probation was revoked on September 6, 2013. He argued that under K.S.A. 2015 Supp. 21-6608, his probation could not exceed 60 months or the maximum period of the prison sentence that could have been imposed, whichever was longer, and that any extensions of

2

probation also could not go beyond 60 months or the maximum period of prison sentence that could be imposed, whichever was longer. He argued the district court, therefore, lacked jurisdiction to impose his original prison sentence on September 6, 2013, because his sentence had legally expired by that time. In other words, the court should not have revoked his probation on that date because he should not have been on probation anymore.

Good argued that the 24-month prison sentence he was serving was illegal. He requested either immediate release or appointment of counsel and an expedited hearing on the motion.

On December 22, 2014, the district court summarily denied Good's motion, relying on the same reasoning that it applied in a memorandum ruling on August 27, 2014, when it denied Good's motion raising the same argument in another case. Good timely filed a notice of appeal from the denial of his motion to correct an illegal sentence.

After the appeal was docketed and briefed, on May 19, 2016, the State filed with this court a notice of change in custodial status stating that Good had been released from the Department of Corrections on January 10, 2016. On May 20, 2016, this court issued a show-cause order asking Good to give a reason why the appeal should not be dismissed as moot since he was appealing from a motion to correct an illegal sentence and he had already served that sentence. Good responded, stating the appeal was not moot because he needed a judgment stating that his sentence was illegal in order to sue his attorney for malpractice. See *Garcia v. Ball*, 303 Kan. 560, Syl. ¶ 4, 363 P.3d 399 (2015) (stating that in order to rely on the exoneration rule applicable to a criminal defendant's claim that his or her attorney's legal malpractice resulted in the defendant serving an illegal sentence, defendant is required to obtain postsentencing relief from an unlawful sentence). Good also argued that the issue raised in his appeal met the exceptions to the mootness doctrine because it is capable of repetition—it is likely that in all cases where this issue arises, the

3

defendant will have a short underlying prison sentence—and it raises an issue of public importance. On June 3, 2016, this court filed an order concluding that the appeal is not moot and retained it.

Good argues the sentence the district court imposed on September 6, 2013, was illegal because the court did not have jurisdiction to revoke his probation on that date since his probation should have already expired by then. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we have unlimited review. See *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). An illegal sentence is: "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

Good's argument relies on his interpretation of K.S.A. 2015 Supp. 21-6608. Statutory interpretation is a question of law subject to unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Cady v. Schroll*, 298 Kan. 731, 738-39, 317 P.3d 90 (2013).

Good does not take issue with the initial probation sentence the district court imposed. Instead, he takes issue with the length of the extensions of probation he

4

received. When Good committed his probation violations between November 2012 and March 2013, K.S.A. 2012 Supp. 21-6608(c)(8) provided:

> "[T]he court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term."

In this case 60 months is the maximum period of probation that could be imposed.

The language has been in the statute in some form since 1992. See K.S.A. 21-4611(c)(8); L. 1992, ch. 239, sec. 245. Good relies on subsection (c)(8) to argue that his April 2013 probation extension constituted an illegal sentence because it continued his probation beyond the statutory maximum contained in the subsection. He further maintains that his September 2013 revocation also constituted an illegal sentence because by that point, the district court had no authority to maintain him on probation and, therefore, lost jurisdiction to revoke his probation.

The State contends that K.S.A. 2015 Supp. 21-6608(c)(6) states the maximum probation sentence a defendant can receive and that subsections (c)(7) and (c)(8) provide for three exceptions to this maximum: (1) when a defendant has been convicted of nonsupport of a child and the responsibility for support continues beyond the term of probation; (2) when a defendant has been ordered to pay full or partial restitution and the amount of restitution ordered has not been paid during the term of probation; and (3) if the court holds a modification hearing and makes a judicial finding of necessity.

Good is correct and the State is incorrect. Good's initial probation period began on August 12, 2007. He was granted extensions on his probation four times, the last being on

5

April 29, 2013, for 6 months. His probation was revoked on September 6, 2013. This is approximately 72 months after he was first granted probation.

The State's contention that probation can be extended to beyond 60 months could only be correct if the last extension or revocation occurred before the running of the 60 months. This did not occur here.

We therefore grant Good's appeal and vacate the district court's order revoking his probation and imposing the prison sentence to be served. The matter is remanded to the district court for proceedings consistent with this opinion.

Reversed and remanded with directions.