IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 108,817

GEORGE MICHAEL GARCIA,
*Appellant*,

v.

CHARLES BALL,
*Appellee.*

SYLLABUS BY THE COURT

1.

K.S.A. 60-255(b) provides that a default judgment may be set aside for any of the grounds listed in K.S.A. 60-260(b). The six subsections, K.S.A. 60-260(b)(1)-(6), contain reasons for which the court may relieve a party of a default judgment, with subsection (b)(1) containing "excusable neglect" as a reason and subsection (b)(6) being a catch-all provision permitting a court to set aside a default judgment for "any other reason justifying relief."

2.

So long as a defaulting party is not attempting to circumvent the 1-year time limit applicable to claims for relief based on the reasons in the first three subsections, K.S.A. 60-260(b)(1)-(3), the defaulting party may specify more than one ground for relief, including the catch-all provision of K.S.A. 60-260(b)(6).

3.

The law disfavors default judgments, especially in matters involving large sums of money, and a court should resolve any doubt in favor of a motion to set aside a default judgment so that cases may be decided on their merits. Specifically, K.S.A. 60-260(b)(6)

1

is to be liberally construed to preserve the delicate balance between the conflicting principles that litigation be brought to an end and that justice be done in light of all the facts.

4.

The exoneration rule applicable to a criminal defendant's claim that his or her attorney's legal malpractice resulted in the defendant serving an illegal sentence requires the defendant to obtain post-sentencing relief from the illegal sentence, but the rule does not require the defendant to prove that he or she was innocent of the crime for which the illegal sentence was imposed.

5.

For a legal malpractice claim based upon an illegal sentence, the cause of action accrues, and the statute of limitations begins to run, when the criminal defendant obtains court-ordered post-sentencing relief from the illegal sentence.

Review of the judgment of the Court of Appeals in 50 Kan. App. 2d 197, 323 P.3d 872 (2014). Appeal from Wyandotte District Court; DANIEL A. DUNCAN, judge. Opinion filed December 31, 2015. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed in part, reversed in part, and remanded with directions.

*John Arthur Boyd*, of Green, Finch & Covington, Chtd., of Ottawa, argued the cause and was on the brief for appellant.

*John Ivan*, of Shawnee Mission, argued the cause, and *Bill L. Klapper*, of Kansas City, was on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: George Michael Garcia retained criminal defense attorney, Charles Ball, to represent him in a probation revocation proceeding. The district court accepted Garcia's stipulation to violating probation, revoked his probation, and remanded Garcia to the custody of the Kansas Department of Corrections to serve his originally imposed prison term. But the journal entry of sentencing erroneously directed that Garcia was subject to postrelease supervision following his probation revocation, which error ultimately led to Garcia serving more time in prison than his original sentence.

Garcia sued Ball, alleging legal malpractice. When Ball failed to answer the petition, Garcia notified Ball of the amount of claimed damages and obtained a default judgment. The district court subsequently set aside the default judgment but ultimately dismissed the lawsuit because Garcia had not established his innocence under the exoneration rule, as set forth in *Canaan v. Bartee*, 276 Kan. 116, 123, 72 P.3d 911, *cert. denied* 540 U.S. 1090 (2003).

Garcia appealed, and the Court of Appeals reversed, finding that the district court had erred in setting aside the default judgment for excusable neglect under K.S.A. 60-260(b)(1). *Garcia v. Ball*, 50 Kan. App. 2d 197, 205, 323 P.3d 872 (2014). Ball petitioned this court for review, arguing that the district court properly set aside the default judgment pursuant to K.S.A. 60-260(b)(6). Garcia filed a cross-petition, asking this court to decide whether his legal malpractice claim was barred by either the exoneration rule or the statute of limitations.

We reverse the Court of Appeals, finding that the district court did not abuse its discretion in setting aside the default judgment pursuant to K.S.A. 60-260(b)(6). But we also reverse the district court's dismissal of the lawsuit, based on our recent holding in

*Mashaney v. Board of Indigents' Defense Services*, 302 Kan. ___, 355 P.3d 667 (2015), with respect to the exoneration rule and the commencement of the statute of limitations. Accordingly, we remand to the district court to resume the proceedings.

FACTUAL AND PROCEDURAL OVERVIEW

Garcia retained Ball to represent him on a probation revocation matter in Johnson County Criminal Case No. 06CR1425. Relying on Ball's advice, Garcia stipulated that he had violated the terms of his probation. The district court accepted the stipulation, revoked Garcia's probation, and ordered him to serve his originally imposed prison sentence of 9 months.

The Journal Entry of Probation Revocation Hearing, which was approved by Ball, ordered Garcia to serve 12 months of postrelease supervision, following the 9-month original prison term. But pursuant to K.S.A. 22-3716(e), "an offender whose non-prison sanction is revoked and a term of imprisonment imposed . . . shall not serve a period of postrelease supervision upon the completion of the prison portion of that sentence." Within 2 weeks of the probation revocation hearing, the Kansas Department of Corrections (KDOC) sent a letter to the district court, with a copy to Ball, pointing out that it was error for the court to order postrelease supervision in a probation revocation proceeding. Nevertheless, KDOC correctly indicated that it would comply with the district court's order, until notified differently. Inexplicably, nothing was done at that time to correct the probation revocation journal entry.

After his release from prison and placement on postrelease supervision, Garcia was charged with burglary in Johnson County Case No. 09CR1939. Ball represented Garcia in the new case and advised him to plead guilty, whereupon the court sentenced Garcia to 13 months' imprisonment in the new case. Additionally, because Garcia

4

committed the burglary while on postrelease supervision in the probation revocation case, he was subject to a special sentencing rule that required him to serve the remaining 9-month portion of his postrelease supervision term in prison. See K.A.R. 44-6-115c(c) ("Offenders whose postrelease supervision is revoked due to commission of a new felony shall serve the entire remaining balance of postrelease supervision in prison.").

Garcia alleged that after learning of the postrelease supervision error, he contacted Ball on numerous occasions to inform him of the mistake. After Ball undertook no action to correct the error, Garcia filed his own pro se motion to correct an illegal sentence on June 7, 2010. A Journal Entry Nunc Pro Tunc, correcting the postrelease supervision error in the probation revocation case, was filed on February 4, 2011, prompting Garcia's release from prison a few days later.

On May 5, 2011, Garcia filed a petition for legal malpractice against Ball alleging that, but for Ball's negligence, he would have been eligible for conditional release in the subsequent burglary case as early as June 15, 2010, and would have served his maximum sentence in that case by August 31, 2010, *i.e.*, some 5 months earlier than his actual release. Garcia alleged that as a consequence of his unlawful imprisonment, he suffered damages in excess of $75,000.

Ball was served with the petition on May 17, 2011, and despite receiving two extensions of time, Ball failed to file a timely answer. Consequently, on July 7, 2011, Garcia filed a demand for judgment of $522,400 in damages, as a prerequisite to seeking default judgment pursuant to K.S.A. 60-254(c). Shortly thereafter, Garcia filed a motion for default judgment that was granted on October 14, 2011.

On November 14, 2011, Ball filed a motion to set aside the default judgment pursuant to K.S.A. 60-260(b)(1) and (b)(6), alleging that (1) he had a meritorious

5

defense; (2) the statute of limitations had run on plaintiff's claims; (3) plaintiff failed to state a claim for which relief could be granted; and (4) there was no factual basis for the amount of the judgment entered against him.

At the hearing on the motion to set aside the default judgment, Ball's attorney acknowledged that Ball had no "good excuse" for failing to answer, but that Ball "simply failed to, neglected to do so." Nevertheless, Ball's attorney argued that the law prefers that matters be heard on their merits and that the default judgment should be set aside based on the meritorious defenses outlined in the motion to set aside the default judgment. Garcia's attorney responded that Ball had completely failed to present any evidence establishing excusable neglect and that the motion to set aside the default judgment should therefore be denied. In granting Ball's motion to set aside the default judgment, the district court explained: "Well, due to the extent that . . . the law dislikes defaults, and because Mr. Ball has a meritorious [defense], the fact that I personally don't like defaults, and in matters of this nature, I'm going to grant the motion. Default judgment is set aside."

Ball subsequently filed an answer alleging the affirmative defenses of statute of limitations, failure to state a claim, and failure to state facts sufficient to constitute a cause of action upon which relief may be granted. Ball also filed a motion to dismiss, arguing that Garcia's claims were barred by the 2-year statute of limitations for tort actions.

Garcia filed a written response, arguing that pursuant to *Canaan*, his cause of action for legal malpractice did not exist until he obtained postconviction relief, which occurred when the Order for Journal Entry Nunc Pro Tunc was filed on February 4, 2011. The district court agreed that *Canaan* was controlling but for a different reason. That case adopted the exoneration rule, requiring that a legal malpractice "plaintiff must be

6

*exonerated* in postconviction proceedings before bringing a legal malpractice action against his [or her] criminal defense attorney." (Emphasis added.) 276 Kan. at 120. The court opined that the nunc pro tunc order corrected a judicial error, but it did not exonerate Garcia.

Garcia filed a timely appeal, raising three issues: (1) The district court abused its discretion when it granted the motion to set aside the default judgment because Ball "presented no evidence showing his failure to answer was excusable"; (2) the exoneration rule does not require a defendant to establish actual innocence, but instead, only requires postconviction relief, which he obtained through the nunc pro tunc order that set aside his illegal sentence; and (3) the Court of Appeals should decide that the statute of limitations on his legal malpractice claim began to run when the nunc pro tunc order was entered.

The Court of Appeals only addressed the first issue, with a majority of the panel holding that the district court abused its discretion in granting the motion to set aside the default judgment pursuant to K.S.A. 60-260(b)(1) because "Ball provided no reason—let alone evidence—to support his claim of excusable neglect, and the existence of such a reason and some evidence supporting it is a necessary prerequisite to setting aside a judgment based on an excusable-neglect claim." *Garcia*, 50 Kan. App. 2d at 202. The Court of Appeals declined to decide whether Ball was entitled to relief under K.S.A. 60-260(b)(6), finding that Ball failed to adequately argue the catch-all provision and that the subsection does not apply when a party's claim for relief is covered by K.S.A. 60-260(b)(1). Accordingly, the panel majority reinstated the default judgment against Ball. 50 Kan. App. 2d at 204-05. Judge Pierron's dissent agreed that Ball did not qualify for relief under the excusable neglect provision of K.S.A. 60-260(b)(1), but Ball was entitled to relief under the catch-all provision of K.S.A. 260(b)(6). 50 Kan. App. 2d at 205-06 (Pierron, J., dissenting).

7

Ball filed a timely petition for review, and Garcia filed a timely cross-petition. This court granted the petitions pursuant to K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

## RELIEF FROM A DEFAULT JUDGMENT

Ball argues that the Court of Appeals erroneously limited its review to a determination of excusable neglect under K.S.A. 60-260(b)(1), when his motion alleged that relief was appropriate under both subsections (b)(1) and (b)(6), and the district court appears to have relied on K.S.A. 60-260(b)(6). Our agreement with that contention requires that we analyze the district court's ruling under the law applicable to K.S.A. 60-260(b)(6). Ultimately, we determine that the district court did not abuse its discretion in setting aside the default judgment and reverse the Court of Appeals' holding to the contrary.

*Standard of Review*

The granting of relief from a default judgment rests in the sound discretion of the district court and will not be disturbed on appeal absent a showing of an abuse of discretion. *State ex rel. Stovall v. Alivio*, 275 Kan. 169, 172-73, 61 P.3d 687 (2003). But a district court's discretion is abused where the judge's action is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law, or (3) based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013).

*Analysis*

K.S.A. 60-255(b) provides that a default judgment may be set aside for any of the grounds listed in K.S.A. 60-260(b), which states:

"On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have been prospective application; or (6) any other reason justifying relief from the operation of the judgment."

The Court of Appeals majority primarily relied upon a preservation determination to limit its review to determining whether the excusable neglect reason listed in K.S.A. 60-260(b)(1) was applicable to Ball. The panel majority believed that Ball had only argued excusable neglect in both the district court and on appeal. *Garcia*, 50 Kan. App. 2d at 201. We discern from the record that Ball did not rely exclusively on excusable neglect to support his motion to set aside default judgment.

In the first instance, the Motion to Set Aside Default Judgment that Garcia filed in the district court specifically stated that it was being brought "pursuant to K.S.A. 60-260(b)(1) and (b)(6)." Further, the motion set forth allegations that would be applicable to a subsection (b)(6) determination, rather than a (b)(1) excusable neglect finding, such as the averments that "the defendant has a meritorious defense," and "[t]here is no factual basis for the amount of the judgment entered."

Then, the district court did not rely on excusable neglect to grant the motion, but rather it held that relief was justified by the existence of a meritorious defense and by the

9

premise that the law disfavors default judgments. Those findings fit within the category of "any other reason justifying relief." K.S.A. 60-260(b)(6).

Moreover, even if Ball had not specifically cited to K.S.A. 60-260(b)(6), there is precedent that would have permitted the panel majority to consider whether the district court's order could have been upheld for any of the reasons set forth in K.S.A. 60-260(b), *i.e.*, that the ruling was correct for a different reason. See *In re Estate of Hessenflow*, 21 Kan. App. 2d 761, 772-73, 909 P.2d 662 (1995) (order setting aside final judgment upheld under K.S.A. 60-260[b][3], even though neither moving party nor court referred to that specific provision), *rev. denied* 259 Kan. 928 (1996); see also *Mynatt v. Collis*, 274 Kan. 850, 873, 57 P.3d 513 (2002) (trial court's reason for decision is immaterial if ruling correct for any reason). In short, the applicability of K.S.A. 60-260(b)(6) was not procedurally foreclosed in this case.

The panel majority also opined that Ball was legally precluded from relying on both subsections (b)(1) and (b)(6). The majority cited to *In re Marriage of Leedy*, 279 Kan. 311, Syl. ¶ 4, 109 P.3d 1130 (2005), for the proposition that the two grounds for relief are always mutually exclusive. *Garcia*, 50 Kan. App. 2d at 201. *Leedy* held that the general catch-all provision of K.S.A. 60-260(b)(6) cannot be used to circumvent the 1-year limitation applicable to the specific grounds in the first three subsections, K.S.A. 60-260(b)(1)-(3). See also *Wilson v. Wilson*, 16 Kan. App. 2d 651, 658, 827 P.2d 788 (Relief cannot be granted under K.S.A. 60-260[b][6] if the *real* basis for relief is one of the reasons listed in 60-260[b][1]-[3] *and* more than a year has gone by.), *rev. denied* 250 Kan. 808 (1992).

*Leedy*'s prohibition is not applicable here. For one thing, the district court did not find that Ball was entitled to relief under *both* K.S.A. 60-260(b)(1) and (b)(6). Therefore, even if the two subsections are mutually exclusive, K.S.A. 60-260(b)(6) could apply

where K.S.A. 60-260(b)(1) does *not* apply. Further, Ball was not attempting to circumvent the 1-year time limitation of K.S.A. 60-260(b)(1), as evidenced by the fact that he filed his motion within 1 year of the default judgment. If a movant is not attempting to use the catch-all provision of K.S.A. 60-260(b)(6) to circumvent the 1-year time limitation, he or she is not required to specify only one ground for relief under K.S.A. 60-260(b). See *In re Marriage of Hunt*, 10 Kan. App. 2d 254, 260, 697 P.2d 80 (1985) (party not required to seek relief under only one of K.S.A. 60-260[b]'s six subsections, but party may not use K.S.A. 60-260[b][6] to circumvent 1-year time limitation). In sum, there was no legal impediment to Ball seeking relief under K.S.A. 60-260(b)(6).

Next, we turn to a consideration of whether, pursuant to K.S.A. 60-260(b)(6), the district court abused its discretion in its determination that relief from the default judgment was justified for reasons other than excusable neglect. To reiterate, the district court relied in part upon the legal premise that the law dislikes default judgments. That premise is well established. See, *e.g.*, *Reliance Insurance Companies v. Thompson-Hayward Chemical Co.*, 214 Kan. 110, 116, 519 P.2d 730 (1974) (default judgments not favored by law).

Likewise, the district court noted the factual circumstance that Ball had a meritorious defense. Whether the defaulting party has a meritorious defense is a factor for the district court to consider in a motion to set aside a default judgment. See, *e.g.*, *Jenkins v. Arnold*, 223 Kan. 298, 300, 573 P.2d 1013 (1978).

Additionally, the district court announced that it disliked default judgments "in matters of this nature." Although the district court did not explicitly describe the nature to which it was referring, the matter before the court involved large sums of unliquidated damages. There is precedent for the proposition that "'[m]atters involving large sums

11

should not be determined by default judgments if it can reasonably be avoided.'" *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 63, 523 P.2d 351 (1974) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 [3d Cir. 1951]).

Finally, "[i]n determining whether to set aside a default judgment, a court should resolve any doubt in favor of the motion so that cases may be decided on their merits." *Jenkins*, 223 Kan. at 299. Accordingly, one cannot say that the district court abused its discretion in granting relief from its default judgment.

Garcia challenges the district court's finding that Ball had a meritorious defense, arguing that Ball did not present any evidence of a defense. That argument is weakened considerably by the fact that the district court found Ball's exoneration rule defense—to be discussed below—actually required dismissal of the action. The facts necessary for that defense, as well as Ball's subsequent stated statute of limitations defense, were readily discernible from Garcia's petition. The district court's ruling was factually grounded.

Also, Garcia argues that Ball's failure to establish excusable neglect means that he did not establish all of the prerequisites for setting aside a default judgment, originally set forth in *Montez* and, thus, referred to as the *Montez* factors. Those factors were stated as follows:

> "A motion to set aside a default may be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a willful act." 215 Kan. 59, Syl. ¶ 4.

12

*Montez* involved a trial court's refusal to set aside a default judgment "on the defendant's plea of inadvertence and excusable neglect." 215 Kan. at 59. In other words, *Montez* reversed the district court's refusal to set aside a default judgment because of the evidence in the record supporting the defaulting party's claim of excusable neglect and inadvertence. In that instance, it was logical for one of the factors to be that the default was not the result of inexcusable neglect or a willful act, *i.e.*, that the movant had established excusable neglect.

The same logic does not apply to extending that requirement to a subsection (b)(6) claim, because if a movant can show that the default was *not* the result of inexcusable neglect, then the movant has shown that the default *was* the result of excusable neglect. In that case, the movant can simply rely on the excusable neglect reason in subsection (b)(1), rendering subsection (b)(6) always superfluous. See *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014) (court presumes legislature does not intend to enact useless or meaningless legislation; courts interpret statutes to avoid absurd or unreasonable results).

Moreover, the *Montez* factors are not gleaned from the plain language of K.S.A. 60-260(b) but instead were adapted from federal caselaw. See *Montez*, 215 Kan. at 64 (quoting *Schartner v. Copeland*, 59 F.R.D. 653, 656 [M.D. Pa. 1973]). And, a review of federal caselaw indicates that the factors are based in equity. See *Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005) (Determination of whether neglect is excusable under Fed. R. Civ. Proc. 60[b] is an equitable one, taking into consideration, *inter alia*, prejudice to the party, reasons for the delay, and whether the movant has a meritorious defense.); *Tozer*, 189 F.2d at 246 (Because relief from a default judgment is equitable in nature, court may consider whether nondefaulting party will be prejudiced if judgment is set aside.); *Trueblood v. Grayson Shops of Tennessee, Inc.*, 32 F.R.D. 190, 196 (E.D. Va. 1963) ("The bare wording of Rule 60[b] does not require the showing of the existence of

13

a meritorious defense but this is *judicially established* and apparently is left within the sound discretion of the trial court." [Emphasis added.]). In that vein, the *Montez* factors should be considered viable benchmarks for judicial discretion in determining whether relief from a default judgment is warranted under K.S.A. 60-260(b) but should not be rigidly adhered to when determining the existence of "any other reason justifying relief" pursuant to K.S.A. 60-260(b)(6). *Cf. State v. Aguilar*, 290 Kan. 506, 231 P.3d 563 (2010) (harmonizing the court-created *Edgar* factors with the plain language of K.S.A. 22-3210[d][1]).

Ultimately, K.S.A. 60-260(b)(6) "is to be liberally construed 'to preserve the delicate balance between the conflicting principles that litigation be brought to an end and that justice be done in light of all the facts.'" *In re Estate of Newland*, 240 Kan. 249, 260, 730 P.2d 351 (1986); see also *Wirt v. Esrey*, 233 Kan. 300, 311, 662 P.2d 1238 (1983) (holding that K.S.A. 60-260[b][6] should be liberally construed to grant relief from default judgment). But see *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (confining Rule 60[b][6] to "extraordinary circumstances" warranting relief). As noted, the district court found that movant had meritorious defenses and that the law disfavors default judgments. The record discloses no prejudice to Garcia by reopening the case. See *Montez*, 215 Kan. at 65 (plaintiff's burden to prove case is not considered prejudice when deciding whether to set aside a default judgment). Garcia does not allege that evidence had been destroyed or that he had undertaken any action in reliance of the default judgment. The petition was filed in May 2011, the default judgment was filed in October 2011, and the motion to set aside the default judgment was filed in November 2011.

In conclusion, using the *Montez* factors as viable benchmarks, we conclude that the district court did not abuse its discretion in granting Ball's motion to set aside the default judgment pursuant to K.S.A. 60-260(b)(6).

14

Garcia's cross-petition for review requested a determination that *Canaan*'s exoneration rule does not require that a court make a finding that a criminal defendant is actually innocent before he or she can bring a legal malpractice action against his or her criminal defense attorney. In addition, he requests this court to decide when his cause of action accrued for purposes of the statute of limitations. Pursuant to our recent holding in *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. ___, 355 P.3d 667 (2015), we hold that Garcia was not required to demonstrate actual innocence in order to bring his legal malpractice claim against Ball and that his cause of action accrued when the district court signed the nunc pro tunc order that acknowledged and corrected his illegal sentence.

*Standard of Review*

Interpretation and application of the exoneration rule is a question of law over which this court's review is unlimited. *Canaan v. Bartee*, 276 Kan. 116, 120, 72 P.3d 911, *cert. denied* 540 U.S. 1090 (2003). Likewise, the "interpretation and application of a statute of limitations is a question of law over which an appellate court exercises unlimited review." *Schoenholz v. Hinzman*, 295 Kan. 786, 791, 289 P.3d 1155 (2012).

*Analysis*

In *Canaan*, a criminal defendant convicted of first-degree murder and other charges brought a legal malpractice action against his defense attorneys and their legal investigator, claiming that they were negligent in not proving his innocence. The district court granted summary judgment for the defendants, finding that Kansas should require that a defendant obtain exoneration by postconviction relief before being permitted to

maintain a legal malpractice action against his attorneys. "Various policies or justifications have been stated for the exoneration rule." 276 Kan. at 123.

Meanwhile, Canaan had filed a K.S.A. 60-1507 motion for postconviction relief, alleging ineffective assistance of counsel. That motion was denied, *i.e.*, Canaan failed to obtain any post-condition relief from his conviction.

On appeal of the order granting summary judgment in the malpractice case, Canaan argued that the exoneration rule should not be adopted in Kansas. After examining caselaw from other jurisdictions and the policy reasons supporting the exoneration rule, this court held that before Canaan could sue his attorneys for legal malpractice, he was required to obtain postconviction relief from the conviction. 276 Kan. at 132. But because Canaan had been unsuccessful in obtaining postconviction relief under K.S.A. 60-1507, it was unnecessary for this court to answer the further question of whether Canaan had been required to prove actual innocence. 276 Kan. at 132.

That further issue was squarely presented in *Mashaney*, where a criminal defendant sued his trial and appellate counsel for legal malpractice. Mashaney successfully obtained postconviction relief on the basis of ineffective assistance of counsel. But after having his original conviction and sentence set aside, Mashaney entered an *Alford* plea to amended charges in order to obtain a reduced sentence that would permit his immediate release from prison for time served. The district court granted the defense counsels' motions to dismiss, finding that Mashaney's guilty plea foreclosed his legal malpractice claim under the exoneration rule and that his claim was time-barred by the statute of limitations.

A majority of the *Mashaney* Court of Appeals panel held that a criminal defendant must prove actual innocence in order to bring a legal malpractice claim and Mashaney's

16

*Alford* plea prevented him from establishing the requisite innocence. *Mashaney v. Board of Indigents' Defense Services*, 49 Kan. App. 2d 596, 313 P.3d 64 (2013). One panel member dissented, criticizing a rigid actual innocence rule. 49 Kan. App. 2d at 638 (Atcheson, J., dissenting).

On review, we held that the exoneration rule does not require a criminal defendant to prove actual innocence in order to bring a legal malpractice claim against his or her criminal defense attorney. 355 P.3d at 687. But the rule does require "the lifting of criminal liability by vacation or reversal of a conviction, regardless of whether the vacation or reversal is compelled by a successful assertion of actual innocence." 355 P.3d at 673-74. Based upon that interpretation of the rule, we concluded that, unlike Canaan, Mashaney had obtained postconviction relief sufficient to satisfy the exoneration rule, when his conviction was set aside due to ineffective assistance of counsel. 355 P.3d at 674.

Of note, Garcia's claim of legal malpractice is factually distinguishable from that in *Mashaney* because it relates to an illegal sentence, rather than a wrongful conviction. Nevertheless, both errors resulted in significant deprivations of liberty, and *Mashaney*'s reasoning is equally applicable here. Accordingly, Garcia was not required to prove that he was actually innocent of either the crime for which he was illegally sentenced to a postrelease supervision term or the new crime that triggered his imprisonment for violating the unlawfully imposed postrelease supervision. Instead, Garcia was required to obtain post-sentencing relief from the unlawful sentence. That "exoneration" occurred when the district court acknowledged that it had imposed an illegal sentence by entering a nunc pro tunc order, setting aside the illegal postrelease supervision term. The propriety of using a nunc pro tunc order to correct an illegal sentence that has already been served is not before us. But the propriety of the district court's dismissal of the legal malpractice

action based on the exoneration rule is squarely presented here, and we hold that the district court erred in its application of that rule.

Turning to the statute of limitations, Garcia's legal malpractice claim based on Ball's breach of a legal duty is governed by K.S.A. 60-513(a)(4), which provides for a 2-year statute of limitations. See *Pancake House, Inc. v. Redmond*, 239 Kan. 83, 86-88, 716 P.2d 575 (1986). In *Mashaney*, noting that a cause of action accrues when the right to maintain a legal action arises, we held that a Kansas criminal defendant's legal malpractice claim accrues when he or she is "exonerated," *i.e.*, when the defendant obtains postconviction relief. 355 P.3d at 677. Here, Garcia obtained postconviction relief, and his legal malpractice claim accrued, on February 4, 2011, when the nunc pro tunc order correcting his illegal sentence was filed. Garcia filed his legal malpractice action on May 5, 2011, well within the 2-year statute of limitations.

The Court of Appeals panel majority's decision reinstating the default judgment is reversed. The district court's order setting aside the default judgment is affirmed. The district court's order of dismissal is reversed, and the case is remanded to the district court for further proceedings.

LUCKERT, J., not participating.
ROBERT J. FREDERICK, District Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** District Judge Frederick was appointed to hear case No. 108,817 vice Justice Luckert under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution.