NOT DESIGNATED FOR PUBLICATION

No. 114,965

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

OLEKSIY SHOKARYEV,
*Appellee*,

v.

DEMETRIA SHOKARYEV,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed December 9, 2016. Affirmed.

*Glenn D. Young, Jr.* and *Jerry D. Bogle*, of Young, Bogle, McCausland, Wells & Blanchard, P.A., of Wichita, for appellant.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellee.

Before POWELL, P.J., PIERRON and HILL, JJ.

POWELL, J.: Demetria Shokoryev appeals the district court's denial of her motion to set aside the default divorce obtained by her husband, Oleksiy Shokaryev. Oleksiy filed a divorce petition, but Demetria failed to respond. After providing notice, Oleksiy obtained a default judgment. Demetria moved to set aside the judgment almost 11 months after it was entered, but the district court denied Demetria's motion, finding that she had failed to provide sufficient justification for the delay. On appeal, Demetria claims the district court abused its discretion in refusing to set aside the default judgment. We disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On February 27, 2014, Oleksiy filed for divorce. Filed along with the divorce petition, among other things, was a domestic relations affidavit, a child support worksheet, and a temporary parenting plan. Demetria was personally served with these documents on March 29, 2014. Demetria never filed an answer or otherwise responded to Oleksiy's petition. On June 27, 2014, Oleksiy filed a notice of his intent to take a default judgment. He sent Demetria a copy of the notice and a copy of the proposed journal entry and decree of divorce, the permanent parenting plan, and a child support worksheet. The hearing for the default judgment was set for July 8, 2014. Demetria failed to appear for the default judgment hearing, so the next day Oleksiy's attorney presented the district court with the journal entry and decree of divorce, a financial affidavit, a permanent parenting plan, another child support worksheet, and interrogatories in lieu of appearing in person. After finding the division of property, debts, obligations, and real estate to be fair, just, and equitable, the district court entered a default judgment against Demetria. The journal entry of judgment and divorce decree was filed the same day.

Nearly 11 months later, on June 4, 2015, Demetria filed a motion to set aside the default judgment. The motion was only a paragraph long and simply requested that the default judgment be set aside pursuant to K.S.A. 60-260(b)(1) and (6). At the hearing on her motion, Demetria argued that the default judgment was due to excusable neglect because she had been suffering from severe depression and had attempted suicide. She presented several documents to the court in support of her argument. Demetria also argued that Oleksiy's domestic relations affidavit did not provide the district court with enough information to enter a default judgment and that the district court was required to scrutinize the affidavit. The district court denied Demetria's motion, finding that she had waited almost 11 months before filing the motion and had not provided a sufficient justification for the delay. Demetria filed a motion to reconsider with a memorandum in support. At the hearing on the motion to reconsider, Demetria mainly restated her

2

previous arguments, but in the memorandum she also claimed that Oleksiy had made misrepresentations in his domestic relations affidavit. The district court denied Demetria's motion for the reasons stated in its previous order.

Demetria timely appeals.

## DID THE DISTRICT COURT ERR IN DENYING DEMETRIA'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT?

Demetria claims the district court should have granted her motion to set aside the default judgment. In support, she makes two specific arguments:  First, her medical records support her claim of excusable neglect under K.S.A. 2015 Supp. 60-260(b)(1); and second, the district court failed to exercise its independent duty to ensure a fair, just, and equitable division of the parties' assets and debts by failing to properly scrutinize Oleksiy's domestic relations affidavit which contained misrepresentations of fact, entitling her to relief under K.S.A. 2015 Supp. 60-260(b)(3).

When reviewing a district court's denial of a motion to set aside a judgment, we apply an abuse of discretion standard of review. *Garcia v. Ball*, 303 Kan. 560, 565-66, 363 P.3d 399 (2015). Judicial discretion is abused when (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles v. American Family Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). Demetria, as the party alleging that the district court abused its discretion, bears the burden of proof. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

K.S.A. 2015 Supp. 60-255(b) states that a motion to set aside a default judgment may be granted for any of the reasons described in K.S.A. 2015 Supp. 60-260(b), which provides:

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:

"(1) Mistake, inadvertence, surprise or excusable neglect;

"(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under subsection (b) of K.S.A. 60-259, and amendments thereto;

"(3) fraud, whether previously called intrinsic or extrinsic, misrepresentation or misconduct by an opposing party;

"(4) the judgment is void;

"(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

"(6) any other reason that justifies relief."

When a motion to set aside a judgment under K.S.A. 2015 Supp. 60-260(b) is made, such a motion must be filed within a reasonable time; if relief is sought under paragraphs (b)(1), (2) or (3)—which is the case here—such motion must be filed "no more than one year after the entry of the judgment or order, or the date of the proceeding." K.S.A. 2015 Supp. 60-260(c). Our Supreme Court has held that a motion to set aside a default judgment may be granted when the district court finds "'(1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and, (3) that the default was not the result of *inexcusable*

4

*neglect or a willful act.*' [Citation omitted.]" *State ex rel. Stovall v. Alivio*, 275 Kan. 169, 172-73, 61 P.3d 687 (2003).

Assuming for the sake of argument that Demetria is able to satisfy the first two elements of the test described above, Demetria argues that her medical condition constitutes excusable neglect, justifying her delay in seeking to set aside the default judgment. At the hearing on her motion to set aside the default judgment, she presented to the district court her medical records, which purportedly show her admission to Via Christi Behavioral Health Center on July 23, 2014. These records, according to Demetria, showed she suffered from severe depression, showed she had attempted suicide, reflected a detachment from things going on in her life, and explained her failure to protect her interests. She contends that because of her struggle with severe depression and her suicide attempts, the default judgment was the result of excusable neglect.

However, Oleksiy argues, correctly, that the medical records Demetria presented to the district court in support of her claim are not included in the record on appeal but only in the appendix to Demetria's brief. Appendices are intended to contain extracts from the appellate record and cannot act as a substitute for the record on appeal. *Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, 895, 166 P.3d 1047 (2007); Supreme Court Rule 6.02(b) (2015 Kan. Ct. R. Annot. 41). We cannot consider materials not included in the appellate record. *In re Marriage of Brotherton*, 30 Kan. App. 2d 1298, 1300, 59 P.3d 1025 (2002). Further, Demetria, as the party making a claim, had the burden to designate facts in the record to support her claim. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). Because we cannot consider Demetria's medical records, we must reject her argument on that basis.

Even assuming that the facts are as Demetria describes them, we remain unpersuaded that the district court abused its discretion in denying her relief. The district court determined that Demetria had not provided sufficient justification for her delay in

5

moving to set aside the default judgment. According to our Supreme Court, when reviewing the denial of 60-260(b) motion, the dispositive question is whether the motion was filed within a "'reasonable time.'" *In re Marriage of Larson*, 257 Kan. 456, 467, 894 P.2d 809 (1995). A motion filed under K.S.A. 2015 Supp. 60-260(b)(1), (2), or (3) may be rejected for not being filed within a reasonable time, even if the 1-year statutory period has not yet expired. 257 Kan. 456, Syl. ¶ 2. The district court has discretion to decide what constitutes a reasonable time and may consider "the interest in finality, the reasons for the delay, the ability of a litigant to learn earlier of the grounds relied upon, and any prejudice to the parties." 257 Kan. 456, Syl. ¶ 3. The movant's burden to show that the delay was reasonable increases as the delay nears 1 year. 257 Kan. 456, Syl. ¶ 4.

Even if Demetria's struggles with severe depression, suicide attempts, and hospitalization are assumed to be the reason for her delay, the remaining factors weigh in favor of the district court's finding that Demetria did not file her motion within a reasonable time. By her counsel's admission, Demetria was hospitalized after the default judgment was entered only until August 6, 2014. Demetria was also already aware of the proceedings because, as the district court found, she e-mailed Oleksiy, asking to be served with divorce papers, with which she was later personally served; she was notified of Oleksiy's intent to seek a default judgment and given an identical copy of the journal entry of judgment and decree of divorce; and once the default judgment had been entered, she was mailed copies of the journal entry of judgment and decree of divorce, the permanent parenting plan, and the child support worksheet.

Further, the district court found that Demetria never filed any responsive pleadings. Demetria's counsel admitted that she never filed an answer, that she had notice, and that she received a copy of the journal entry. Moreover, Demetria waited for almost 7 months after being released from the hospital before meeting with her attorney, who did not file the motion for almost 3 more months. Because this case involves a family, all parties would benefit from the finality of the default judgment and its ability to

allow everyone to move on. Oleksiy would also likely be prejudiced by the reopening of this case due to the length of Demetria's delay. Based on such facts, we cannot say no reasonable person would have taken the view adopted by the district court. Therefore, the district court did not abuse its discretion. The other issues raised by Demetria in her brief are moot.

Affirmed.