NOT DESIGNATED FOR PUBLICATION

No. 117,457

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT JOE BARNES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed December 14, 2018.
Appeal dismissed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and
*Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.

LEBEN, J.: When Robert Barnes was sentenced in 2010 for attempted violation of his offender registration, he received a guideline sentenced based on a criminal-history score of C. That scoring was based in part on the court's treatment of a Texas burglary conviction as a person felony. Barnes now claims that the Texas burglary shouldn't have been scored as a person felony, which would have given him a criminal-history score of D (a less-serious score) and a shorter presumptive sentence.

1

But the State argues that any challenge to Barnes' sentence is moot because Barnes has completed the imprisonment term of his sentence and is now on postrelease supervision. And the time Barnes must serve on postrelease supervision is not dependent on his criminal-history score, so even if we agreed with Barnes' claim on appeal it wouldn't change anything. That's the very definition of a moot claim—when any judgment "would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned." *State v. Hilton*, 295 Kan. 845, Syl. ¶ 3, 286 P.3d 871 (2012). We therefore dismiss Barnes' appeal as moot.

With that overview, we will briefly explain how this appeal developed. It's Barnes' second appeal in district court case No. 09CR384. In that case, Barnes pleaded no contest to one count of attempted failure to register when required to do so by the Kansas Offender Registration Act. He was sentenced to probation for 24 months with an underlying 27-month prison sentence to be served if he didn't successfully complete probation.

Most Kansas criminal sentences in felony cases are based on sentencing guidelines that factor in the severity level of the offense and the past convictions of the defendant. As a general matter, the more prior offenses—and the more serious the prior offenses—the greater the presumptive guideline sentence. So correctly determining how a defendant's past convictions in Kansas and in other states should be scored for criminal-history purposes is an important part of determining a defendant's sentence.

At Barnes' sentencing, the district court calculated Barnes' criminal-history score as a C, which is the third most serious level among nine categories ranging from A to I. That score factored in a 1978 Texas conviction for "Burglary of a Habitat," which was counted as a person felony. During sentencing, Barnes objected to other entries on his presentence-investigation report but did not object to the scoring of the Texas conviction.

Had that conviction not been counted as a person felony, Barnes' criminal-history score would have been a D, resulting in a shorter presumptive sentence.

The length of Barnes' sentence would have been of no real significance had he successfully completed his probation. But he didn't. After probation violations, the district court revoked the probation and imposed the underlying 27-month prison sentence.

While serving that sentence, Barnes first raised an issue about the scoring of his Texas burglary conviction. He moved to correct an illegal sentence claiming that his Texas conviction should have been scored as a nonperson felony. The district court denied the motion and Barnes appealed.

Our court decided that the district court had applied the wrong legal standard in deciding Barnes' motion; we sent the case back for the district court for reconsideration. See *State v. Barnes*, No. 114,107, 2016 WL 5853096, at *6 (Kan. App. 2016) (unpublished opinion). On remand, the district court arrived at the same result—determining that even under the correct legal standard the Texas conviction had been properly classified as a person felony.

Barnes has again appealed. We need not go into the substance of his argument, though, because of our conclusion that the appeal is moot.

The key fact in this appeal is that Barnes is no longer serving the prison sentence from this conviction, a fact Barnes does not challenge. Once the prison portion of a sentence has been served, the defendant enters the "separate and distinct" postrelease portion of his sentence. *State v. Brown*, No. 112,825, 2015 WL 9286987, at *3 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* January 14, 2016. And the length of postrelease supervision is based only on the crime of conviction. See K.S.A. 2017

3

Supp. 22-3717(d)(1)(C). Since the length of the postrelease-supervision period isn't based on the criminal-history score in any way, changing that score now would have no impact on Barnes. See *State v. Gaudina*, 284 Kan. 354, Syl. ¶ 1, 160 P.3d 854 (2007) ("A defendant who is resentenced after serving time in prison is not entitled to credit against a postrelease supervision period for the amount of time served in prison in excess of the prison time imposed at the resentencing.").

That leaves us with a moot appeal. A claim is moot when it "clearly and convincingly appears that the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act as far as rights involved in the action are concerned." *Hilton*, 295 Kan. 845, Syl. ¶ 3. By contrast, justiciable (or non-moot) cases have claims that are immediate and amenable to conclusive relief. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 890-91, 179 P.3d 366 (2008).

Barnes claims his sentence is illegal, something that may be corrected at any time. See K.S.A. 2017 Supp. 22-3504(1). But the remedy for a corrected sentence is "full credit for time spent in custody under the sentence prior to the correction." K.S.A. 2017 Supp. 22-3504(1). Barnes has already finished the custodial term of imprisonment, so there's no additional custodial time to give him credit against. Finding now that his original sentence should have been shorter would not affect the postrelease-supervision portion of his sentence, which is all that's left. See *Gaudina*, 284 Kan. at 368; *Brown*, 2015 WL 9286987, at *3.

In his reply brief, Barnes makes two arguments in an attempt to avoid a mootness finding. First, he argues that if he's later convicted of another offense, the sentencing court in that case might take judicial notice of his criminal-history score from this case. Second, he argues that he can't file a legal-malpractice claim against the attorney who didn't object to the classification of his Texas conviction (and thus, he argues, caused him

4

to spend extra time in prison), without first getting a court to resolve the issue. But our court has rejected similar arguments in other cases, finding that these potential effects of an error in the criminal-history score don't meet the requirement that a dispute have real and immediate effect that is amenable to conclusive relief. See, e.g., *State v. West*, No. 114,046, 2017 WL 462103, at *3 (Kan. App.) (unpublished opinion), *rev. granted* 307 Kan. 993 (2017); *State v. Reed*, No. 113,845, 2016 WL 2775148, at *3 (Kan. App. 2016) (unpublished opinion).

First, as far as judicial notice is concerned, the legal rights that would be affected are those relating to *future* litigation (a future criminal case), not those involved in the *current* action. By statute, a defendant may object to the scoring found on the criminal-history worksheet even if doing so changes the criminal-history score from past cases. K.S.A. 2017 Supp. 21-6814. Our Supreme Court has confirmed this reading:

> "[W]e find, as a matter of statutory interpretation, that a defendant may file a written objection to his or her criminal history worksheet, including those convictions which may have been contained in a previous criminal history worksheet, and that such an objection places the burden on the State to produce further evidence establishing the existence of the challenged conviction(s) by a preponderance of the evidence." *State v. Schow*, 287 Kan. 529, 539-40, 197 P.3d 825 (2008).

Since Barnes would still be able to challenge the scoring of his Texas burglary conviction in a later case—should he gain a new Kansas conviction—there's no need to resolve the matter here and no issue to resolve that would have a real and immediate effect.

One possible exception to this is noted in *Schow*—that principles of collateral estoppel exception might allow reliance on the earlier criminal-history score if that score was determined on the merits in the first case. 287 Kan. at 540. Here, that exception would not apply, as the criminal-history score wasn't disputed in the district court and we are dismissing the appeal as moot. See *In re Rusnak*, No. 111,878, 2015 WL 4094293, at

*3 (Kan. App. 2015) (unpublished opinion); 18A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 4443 (2017).

Second, on Barnes' future-legal-malpractice issue, our court recently concluded that a potential future claim does not avoid mootness—the vague possibility of some future malpractice claim is not "immediate." *Reed*, 2016 WL 2775148, at *3. A defendant must obtain some legal relief after sentencing to pursue a malpractice claim against the criminal-defense attorney. *Garcia v. Ball*, 303 Kan. 560, Syl. ¶ 4, 363 P.3d 399 (2015). Here, the question is whether a court should decide whether some sentencing error occurred—one potentially caused by an attorney's malpractice—when correction of that sentencing error would no longer affect the defendant's rights in the criminal case itself. Addressing that question here would contradict the basic rules of moot appeals because any decision would have no impact on the "rights involved in the action," *Hilton*, 295 Kan. 845, Syl. ¶ 3, which is the underlying criminal case.

In one case, our court did address a similar claim after the imprisonment portion of the sentence had expired. See *State v. Good*, No. 113,442, 2016 WL 5344069, at *2 (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. 1254 (2017). In *Good*, though, an exception to the mootness rule applied because the matter before the court was an issue of public importance that would arise in other cases and would not otherwise be addressed because the short underlying sentence didn't leave time for appellate consideration. 2016 WL 5344069, at *2. That exception to the mootness rule simply doesn't apply in Barnes' case.

We acknowledge that there are two other cases in which our court held challenges like the one Barnes makes here were not moot. See *State v. LaMunyon*, 21 Kan. App. 2d 281, 286, 898 P.2d 1182 (1995) (finding that the correction of an illegal sentence not moot because of the risk a future sentencing court might take judicial notice of a past journal entry with the wrong criminal-history score); *State v. Burton*, No. 89,928, 2003

6

WL 22479594, at *2 (Kan. App. 2003) (citing *LaMunyon* without independent analysis). But an increasing number of recent decisions have found the opposite—that a challenge to a criminal-history score after the imprisonment term has been served is moot. See, e.g., *State v. Gregory*, No. 113,207, 2017 WL 1104475, at *4-5 (Kan. App. 2017) (unpublished opinion); *State v. Terrell*, No. 115,145, 2017 WL 1035328, at *2-3 (Kan. App. 2017) (unpublished opinion); *State v. Her*, No. 112,815, 2016 WL 3365755, at *4 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* July 18, 2016; *Reed*, 2016 WL 2775148, at *2-3; *Brown*, 2015 WL 9286987, at *2-4. We agree with these more-recent decisions.

To sum up, changing Barnes' criminal-history score now—after he has been released from prison and is serving his postrelease-supervision period—would have no impact on his current status. We therefore have no relief to offer Barnes: A judgment would be "ineffectual for any purpose." *Hilton*, 295 Kan. 845, Syl. ¶ 3.

We dismiss Barnes' appeal as moot.