NOT DESIGNATED FOR PUBLICATION

No. 126,871

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRANDON BOLLINGER,
*Appellee*,

v.

JUSTIN TALSMA,
*Defendant*,

and

SONIC INDUSTRIES, LLC/INSPIRE BRANDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Oral argument held November 12, 2024. Opinion filed May 9, 2025. Reversed and remanded with directions.

*Alice A. Craig*, of Hall & Evans, LLC, of Kansas City, Missouri, for appellant.

*Michael A. Priddle*, of Law Office of Michael A. Priddle, LLC, of Wichita, for appellee.

Before ATCHESON, P.J., CLINE and PICKERING, JJ.

PICKERING, J.:  Sonic Industries, LLC, and its parent company, Inspire Brands (collectively, Sonic), appeal from an order denying a motion to set aside a default judgment. Brandon Bollinger obtained a judgment against Justin Talsma in 2015. In January 2023, Bollinger filed a request for garnishment against Sonic, Talsma's purported employer. Sonic answered out of time and did not appear at a hearing for judgment

1

against it as garnishee. The district court ordered judgment against Sonic for $107,163.39, plus costs and interest.

Sonic filed a motion to set aside the judgment based on excusable neglect and asserted that Talsma did not work for Sonic. The district court denied Sonic's motion, holding that Sonic failed to show excusable neglect. After review, we find the district court's judgment was based on errors of fact and an error of law. We therefore reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Bollinger purchased a 1999 Chevy Silverado from Talsma. Talsma represented that the vehicle was free from all liens, and Bollinger paid Talsma $3,500 cash. Talsma never delivered the title despite repeated demands. Bollinger learned there was a lien on the vehicle as a result of a payday loan taken by Talsma; the loan was in default and the lender was attempting to repossess the vehicle. Bollinger paid the lender $800 to avoid the repossession. In January 2015, Bollinger obtained a default judgment against Talsma for $81,399.81 "plus all costs and attorney fees incurred [t]hereafter to collect the judgment . . . , plus interest on the judgment balance at the statutory rate."

In January 2023, Bollinger filed a motion to revive judgment. On January 26, 2023, the district court issued an order granting the motion to revive the dormant judgment. That same day, Bollinger filed a garnishment against Sonic, Talsma's purported employer. On February 13, 2023, having not received a response from Sonic, Bollinger moved for judgment against Sonic. Sonic failed to appear at the February 23, 2023 hearing on Bollinger's motion for judgment against garnishee. The district court granted default judgment against Sonic that same day.

Sonic had sent its answer to Bollinger on or about February 17, 2023, but altered the form that Bollinger provided for its use in answering the garnishment. Rather than checking a box indicating that Talsma was never employed at Sonic, it typed: "Status: NOT FOUND." The answer listed the garnishee as Inspire Brands and was signed by the VP Corporate Counsel. Bollinger received it on February 28, 2023, after the default judgment was entered.

On April 3, 2023, Sonic moved to set aside the default judgment. It argued it was not the proper garnishee, the judgment was dormant, and Sonic should be granted an extension of time to respond in the interest of justice. Sonic relied on K.S.A. 2022 Supp. 60-260(b)(1), allowing relief from final judgment upon a showing of "[m]istake, inadvertence, surprise or excusable neglect," and K.S.A. 2022 Supp. 60-260(b)(6), allowing relief from final judgment for "any other reason that justifies relief." Sonic explained that it answered in good faith, albeit out of time. Sonic alleged its process of determining whether Talsma worked for Sonic took 18 days because it contracts with a third company to process garnishments. Sonic stated that it had a meritorious defense because Talsma was not a Sonic employee.

Bollinger objected to Sonic's motion to set aside the default judgment by reiterating that Sonic failed to answer the order of garnishment within 14 days and failed to appear at the hearing for judgment against garnishee. Bollinger argued that he would be prejudiced if the judgment were set aside because he "is the victim of intentional fraud and deserves the ability to collect on [his] judgment . . . ." Bollinger argued that Sonic "chose" not to answer in time and "chose" not to appear, and thus its actions constituted reckless indifference, not excusable neglect. Finally, Bollinger argued that K.S.A. 2022 Supp. 60-260(b)(1) and (b)(6) are mutually exclusive, contending that because Sonic sought relief under (b)(1), it was barred from claiming relief under (b)(6). Bollinger admitted that he received Sonic's answer on February 28, 2023, but failed to address the fact that Talsma never worked for Sonic.

3

The district court heard argument on Sonic's motion on May 4, 2023. Sonic argued that the order should be set aside "under either mistake, inadvertent surprise, or excusable neglect." Sonic's counsel explained that Sonic was served through its service corporation, and it used an outside company for garnishment proceedings. Sonic's counsel stated that neither Sonic nor Inspire Brands employed Talsma. Sonic contended that it made a good-faith effort to determine whether it employed Talsma, and it responded on February 17, 2023. Sonic argued that to hold it accountable for the full judgment when it did not hold any assets of Talsma would be a miscarriage of justice.

Bollinger argued that he did not know what "'not found'" meant, as typed on Sonic's answer. The district court stated on the record that it was withholding judgment on Sonic's motion and granting "an additional 21 days [for Sonic] to reply using the Answer form that was sent to [it]" by Bollinger. The district court's motion minutes order stated that "the Answer document submitted by Garnishee deleted Debtor's name and address on [the] Answer form . . . ; it also deleted the Response section of Item 1 & 15 on [the] correct form served and simply responded 'Not Found' and 'KS.'" The order stated that the court was "extremely displeased" with the answer Sonic provided. It granted Sonic "21 days to file a [r]eliable, properly verified Answer to the Garnishment on the form Plaintiff's counsel sent."

Sonic filed its revised answer pursuant to the district court's order. It placed an "X" on the line indicating that the judgment debtor "was never employed" with Sonic or Inspire Brands. Sonic also attached an affidavit from Derek Ensminger, Vice President—Litigation for Inspire Brands, Inc. and its subsidiaries, including Sonic Industries, LLC. Ensminger declared that Talsma was not found in the search of Sonic's or Inspire Brands' employment records.

4

Bollinger filed a supplemental objection to Sonic's motion to set aside default judgment. He stated that Sonic's motion should be denied because its original answer was untimely.

On June 29, 2023, the district court held a second hearing on the motion to set aside the default judgment. The motion minutes order stated:

> "Garnishee filed an Affidavit, but still did not use the form which Plaintiff's counsel supplied to Garnishee. The Supplemental Answer was filed 5/15/23. Garnishee was served with the Order of Garnishment on 1/27/23. Garnishee filed late on 2/17/23 [without] sending copy to Plaintiff['s attorney] as directed.
> "The Court denied the Motion to Set Aside Judgment as presented[,] failing to comply with K.S.A. 60-260(b). Judgment against the garnishee stands."

On July 19, 2023, the district court filed the order denying Sonic's motion to set aside judgment. The court acknowledged that Sonic filed a revised answer using the appropriate form and stated that Talsma was not employed by Sonic or Inspire Brands. The court found that Sonic's argument for relief under K.S.A. 60-260(b)(1) failed. The court's journal entry stated:

> "Garnishee did not argue for or provide any evidence of mistake, inadvertence, or surprise. Moreover, after hearing arguments, Garnishee offered no real evidence or argument to excuse why it failed to properly answer the order of garnishment served on it, failed to respond to the motion for judgment against Garnishee served on it, failed to appear for the hearing on the motion for judgment against Garnishee, or failed to use the Court filed garnishment forms sent to Garnishee by Plaintiff."

The district court held that Sonic's "choice to not timely answer or defend or appear . . . is a reckless indifference . . . and not excusable neglect." Sonic timely appealed.

ANALYSIS

*The District Court Made Errors of Fact and an Error of Law in Denying Sonic's Motion to Set Aside the Default Judgment*

*Standard of Review*

"The granting of relief from a default judgment rests in the sound discretion of the district court and will not be disturbed on appeal absent a showing of an abuse of discretion." *Garcia v. Ball*, 303 Kan. 560, 565-66, 363 P.3d 399 (2015). A district court abuses its discretion when its "action is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law, or (3) based on an error of fact." 303 Kan. at 566.

*Discussion*

Default judgments are not favored in the law. *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 62, 523 P.2d 351 (1974). Under K.S.A. 2024 Supp. 60-255(b), the district court may set aside a default judgment if it finds:

"(1) Mistake, inadvertence, surprise or excusable neglect;

"(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under subsection (b) of K.S.A. 60-259, and amendments thereto;

"(3) fraud, whether previously called intrinsic or extrinsic, misrepresentation or misconduct by an opposing party;

"(4) the judgment is void;

"(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

"(6) any other reason that justifies relief." K.S.A. 2024 Supp. 60-260(b).

6

K.S.A. 60-260 is to be liberally construed so that cases may be heard on their merits. See *Wichita City Teachers Credit Union v. Rider*, 203 Kan. 552, 555, 456 P.2d 42 (1969). Any doubt should be resolved in favor of granting the motion to set aside a default judgment. *First Nat'l Bank in Belleville v. Sankey Motors, Inc.*, 41 Kan. App. 2d 629, 634, 204 P.3d 1167 (2009).

Sonic claimed relief under K.S.A. 2022 Supp. 60-260(b)(1) and (b)(6). The district court only ruled on its (b)(1) claim and found that Sonic "did not argue for or provide any evidence of mistake, inadvertence, or surprise." The district court concluded that Sonic had not shown excusable neglect.

*Errors of Fact*

Sonic argues that the district court made two errors of fact in its ruling. First, the district court stated that Sonic did not use the form provided by Bollinger in its revised answer. Second, the district court stated that Sonic failed to deliver its answer to Bollinger's attorney. Sonic is correct. Bollinger admits that Sonic's revised answer used the correct form. And Bollinger admits that he received a copy of Sonic's first answer on February 28, 2023.

Because the district court's decision was based on errors of fact, its decision was contrary to the evidence. Thus, it abused its discretion in refusing to set aside the default judgment. See *Miller v. Johnson*, 295 Kan. 636, 681, 289 P.3d 1098 (2012), *overruled on other grounds by Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 442 P.3d 509 (2019).

*Error of Law*

The district court relied exclusively on K.S.A. 2022 Supp. 60-260(b)(1) to determine that Sonic had not proved excusable neglect to set aside the default judgment.

7

But Sonic did not solely rely on excusable neglect to support its motion to set aside the default judgment.

In Sonic's motion to set aside default judgment filed in the district court, Sonic specifically stated subsections (b)(1) and (b)(6) governed the court's decision to set aside the judgment. Further, its motion alleged that it had a meritorious defense—a contention that may apply to a determination under subsection (b)(6). See *Garcia*, 303 Kan. at 566. Sonic also alleged that failure to relieve it of the default judgment would be a miscarriage of justice, another allegation that falls within K.S.A. 2022 Supp. 60-260(b)(6)'s "any other reason that justifies relief."

Sonic alleges the district court abused its discretion by refusing to consider and apply K.S.A. 2022 Supp. 60-260(b)(6), relying on *Garcia*. There, Garcia filed a petition for legal malpractice against Ball, alleging damages in excess of $75,000. Ball did not timely answer, and Garcia's motion for default judgment was granted. One month later, Ball filed a motion to set aside the default judgment under both K.S.A. 60-260(b)(1) and (b)(6). At the hearing on Ball's motion to set aside judgment, he argued that he had no "'good excuse'" for not timely answering Garcia's petition, but that the judgment should be set aside because he had outlined meritorious defenses in his motion to set aside the default judgment. 303 Kan. at 563-64. The facts are very similar here. While Sonic's argument on excusable neglect was focused on good faith, it outlined its meritorious defense.

Bollinger argues that Sonic's claim under K.S.A. 2022 Supp. 60-260(b)(6) is barred. He cites several cases for the proposition that (b)(6) and the preceding five clauses, (b)(1) through (b)(5), are mutually exclusive. But as the *Garcia* court explained: "If a movant is not attempting to use the catch-all provision of K.S.A. 60-260(b)(6) to circumvent the 1-year time limitation [of K.S.A. 60-260(b)(1)], he or she is not required to specify only one ground for relief under K.S.A. 60-260(b)." *Garcia*, 303 Kan. at 568.

The *Garcia* court specifically reversed another panel of this court that found Ball was precluded from simultaneously relying on (b)(1) and (b)(6)—the exact argument Bollinger makes here. See *Garcia*, 303 Kan. at 567-68, 574.

Because K.S.A. 2022 Supp. 60-260(b)(6) applies, the district court's failure to acknowledge (b)(6) was an error of law amounting to an abuse of discretion. See *In re K.E.*, 294 Kan. 17, 23-24, 272 P.3d 28 (2012). We reverse the denial of Sonic's motion to set aside the default judgment and remand for a new hearing on Sonic's motion to set aside a default judgment.

Reversed and remanded with directions.