NOT DESIGNATED FOR PUBLICATION

No. 122,799

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ASHLEY N. BOWMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed July 30, 2021.
Appeal dismissed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MALONE, P.J., WARNER and HURST, JJ.

PER CURIAM: While on probation in a different case, Ashley Bowman pleaded guilty to failing to register under the Kansas Offender Registration Act. The district court extended probation in the earlier case but imposed a prison sentence in the registration case. The court also indicated it would be willing to apply a 275-day jail credit to Bowman's prison sentence, but the journal entry did not include any jail credit. Bowman later moved to correct this oversight. The court denied Bowman's motion, and she appealed.

1

As this appeal was pending, the court entered a nunc pro tunc order applying the 275-day jail credit and thus revising the starting date of her 19-month sentence. We find that this order, which provides the full relief Bowman requested, renders her appeal moot. We therefore dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Bowman was serving probation for a 2015 conviction of commercial sexual exploitation of a child. Under the Kansas Offender Registration Act, this conviction required her to report quarterly to the sheriff's office. See K.S.A. 2020 Supp. 21-6422; K.S.A. 2020 Supp. 22-4902(b)(1), (c)(14); K.S.A. 2020 Supp. 22-4905(b). In December 2018, the State charged Bowman with failing to report under the Act, and she pleaded guilty in July 2019.

The court held a combined sentencing and probation revocation hearing in the two cases in September 2019. At that time, Bowman had spent 275 days—since December 2018—in custody. During the hearing, the court questioned whether it could apply the 275 days of jail credit to this case if it merely extended Bowman's probation in the 2015 case. Bowman and the State agreed to this course of action.

The court subsequently imposed a 19-month prison sentence in the current case, noting the jail-time credit would apply to this case unless prohibited by law. The court extended probation for an additional 36 months in the 2015 case, starting on the date of the sentencing hearing so that part of the 36-month probation would be served while completing her prison sentence. After pronouncing this sentence, the court explained that it could hold another hearing to determine jail-time credit if needed but would otherwise approve the journal entry agreed upon by the parties.

About a week after the hearing, the district court signed the approved journal entry. This journal entry did not award any jail credit toward Bowman's prison sentence. Instead, it stated that no credit could be awarded because Bowman was also being held in jail for a 2018 Wichita municipal case and her 2015 sexual exploitation of a child case during that time.

The following month, Bowman filed a pro se letter, stating her attorney did not thoroughly review her jail-time credit and asked that the time be applied to her prison sentence in this case. The court initially scheduled a hearing in early December to address Bowman's concerns. But the court ultimately denied the motion without a hearing, finding that there was no clerical mistake in the journal entry because the court left the jail-credit issue to the parties, and the court lacked jurisdiction to modify the sentence.

Bowman now appeals the court's denial of her motion to correct her jail-time credit. In October 2020, with this appeal pending, the district court issued a nunc pro tunc order awarding the 275 days of jail-time credit toward Bowman's prison sentence in this case and entering a new starting date for her sentence to reflect this change. The State moved to dismiss the appeal, and we initially denied this request on the present showing of the parties. Now, with the benefit of full briefing, we agree that we can provide no meaningful relief in this case. And we further find that the facts do not warrant further consideration under an exception to our mootness doctrine. We therefore dismiss Bowman's appeal.

## DISCUSSION

Unlike the legislative and executive branches, Kansas courts do not have the constitutional authority to issue advisory opinions. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 898, 179 P.3d 366 (2008). Instead, courts are called on to decide concrete questions that will have an actual impact on the parties before us—to "'determine real

3

controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020) (quoting *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 [2012]).

As a corollary to this principle, even if a court case began with an active dispute, courts will generally not continue to hear the case if the issues presented become "moot." *Roat*, 311 Kan. at 584. A party can seek dismissal by clearly and convincingly showing that "'the actual controversy'" in the case has ended, and that any judgment that could be entered "'would be ineffectual for any purpose'" and "'would not impact any of the parties' rights.'" 311 Kan. at 584.

The party asserting that issues in a case have become moot—here, the State—must make a prima-facie showing that the actual controversy in the case has ended. 311 Kan. 581, Syl. ¶ 6. The State did so in this case by showing that the district court's nunc pro tunc order applied 275 days of jail-time credit to Bowman's sentence and correspondingly adjusted the starting date of her sentence, providing the very relief she sought in this appeal. The burden thus shifts to Bowman to "show the existence of a substantial interest that would be impaired by dismissal" or to convince this court that "an exception to the mootness doctrine applies." 311 Kan. 581, Syl. ¶ 7.

Bowman's motion originally requested 289 days of jail credit, not the 275 the court awarded. But Bowman does not dispute that she has received the jail-time credit she sought. Instead, in her response to the State's motion to dismiss, she offers two reasons why she believes this court should continue to consider her appeal. She first asserts that this case is not moot, as she may wish to file a malpractice action against her trial attorney for failing to secure jail-time credit following her sentencing hearing. Alternatively, she argues that even if her case is moot, we should continue to retain

4

jurisdiction over the appeal because the issue she raises—the proper calculation of jail-time credit when a person is being held on multiple cases—is an issue of public importance and is capable of repetition. As we explain below, we find neither argument persuasive.

Our Kansas Supreme Court recognized in *Roat* that the pursuit of a future legal malpractice case may create an interest sufficient to prevent application of mootness. 311 Kan. at 595. But the mere desire to file a malpractice action is not sufficient to satisfy this requirement. Instead, a litigant must adequately explain why this court's continued consideration of an otherwise moot issue is necessary for the future malpractice claim. 311 Kan. at 596-97.

In a legal malpractice action, a plaintiff must prove that his or her attorney's actions caused the plaintiff some actual loss or damages. See *Canaan v. Bartee*, 276 Kan. 116, Syl. ¶ 1, 72 P.3d 911 (2003). Bowman asserts that she could establish a legal malpractice claim against her attorney under the facts here. She points out that the sentencing court indicated it was inclined to apply the jail credit she requested and would sign the journal entry agreed by the parties. The journal entry, however, did not allow for jail-time credit, citing the fact that Bowman had been held in jail for multiple cases at once. In Bowman's view, this journal entry resulted from her attorney's inadequate consideration.

There are two overarching reasons why we find Bowman's malpractice rationale unconvincing. First, the record before us is insufficient to demonstrate that Bowman would indeed have a malpractice claim against her counsel. For example:

- The record is unclear whether the original journal entry misapplied the jail-time credit she should have received. Kansas courts have long interpreted K.S.A. 2020 Supp. 21-6615(a), which governs jail-time credit, to state that a defendant "'is not

5

entitled to credit on a sentence for time which he has spent in jail upon other, distinct, or wholly unrelated charges.'" *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019). The record reflects that Bowman was being held in jail for a prior case for which she had been granted probation, as well as other charges. See *State v. Bennett*, No. 119,185, 2019 WL 4126567, at *10 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. 894 (2020) (finding no requirement that jail time be credited against the prison sentence in similar circumstances). In her brief on appeal, Bowman appears to be arguing that we should depart from *Bennett* and adopt a new rule distinguishing when a person is being held in jail for probation (in addition to the crime charged) instead of a new offense. But the failure to urge a change in the law cannot give rise to a legal malpractice action. See *Roat*, 311 Kan. at 598-99. As such, the record does not reflect that the absence of jail credit in the original journal entry arose from any breach by her attorney.

- The record is unclear as to the harm Bowman suffered. The nunc pro tunc order awarded the jail credit she sought and readjusted her sentencing date, and the record does not reflect whether she actually spent more time in prison than the jail-time credit would allow. In her response to the State's motion, Bowman merely asserts that she "experienced up to 275 days' (or up to 9 months') [] lost freedom." We are certainly sympathetic to this sentiment, but the appellate record does not show whether the time lost was 275 days, 0 days, or somewhere in between.

Second, Bowman has not demonstrated that our continued consideration is necessary for her to pursue a malpractice action, should she desire to do so. Bowman correctly notes that Kansas law requires a criminal defendant to obtain postconviction relief before filing a malpractice action, a requirement courts describe as the "exoneration rule." *Caanan*, 276 Kan. 116, Syl. ¶ 2, 131. She asserts that if this court were to dismiss this appeal as moot, she would be "potentially left without recourse." But she does not demonstrate why that would be the case—particularly because our Kansas Supreme

6

Court held in *Garcia v. Ball*, 303 Kan. 560, 573-74, 363 P.3d 399 (2015), that the district court's nunc pro tunc order in that case was sufficient to satisfy the exoneration rule.

Bowman notes that *Garcia* declined to consider whether a nunc pro tunc order was the correct avenue for correcting Garcia's illegal sentence. See 303 Kan. at 573. As such, she argues, it is unclear whether the nunc pro tunc order in this case sufficiently exonerates her to allow her to pursue a malpractice claim. But Bowman misreads *Garcia*. By noting that "[t]he propriety of using a nunc pro tunc order to correct an illegal sentence that has already been served is not before us," the *Garcia* court was not indicating that the *relief* granted by the order was not sufficient to satisfy the exoneration rule. 303 Kan. at 573. Rather, it was merely declining to comment on whether the nunc pro tunc order was the correct vehicle to provide that relief, as the issue was not before it.

Similarly, no one in this case is arguing that the district court's nunc pro tunc order was insufficient to provide the jail-time credit Bowman requested. Under *Garcia*, that order satisfies Kansas' exoneration requirement since it provided Bowman postconviction relief. Under these circumstances, we find that Bowman has not shown that our continued consideration of the case is necessary for her to pursue a legal malpractice claim. In other words, she has not overcome the presumption—based on her receiving all the relief she requested—that her case is moot.

Bowman argues that even if her appeal is moot, as we have concluded it is, this court should continue to consider her appeal because the issue she raises—the award of jail-time credit when a person is being held for a probation violation and for a new crime—is important and may repeat in other cases in the future. And given the relatively short term of many prison sentences when compared with the time required to resolve an appeal, Bowman posits this issue could potentially evade our review.

7

It is true that Kansas courts sometimes continue to consider an otherwise moot issue if the issue is "capable of repetition and raises concerns of public importance." *State v. Dumars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120, *rev. denied* 284 Kan. 948 (2007). But this exception does not apply here because other decisions of this court undermine Bowman's assertion.

For example, in *Bennett*, this court considered the very issue presented in Bowman's appeal—whether the language of K.S.A. 2018 Supp. 21-6615(a) required the district court award her the jail-time credit she had requested. This court resolved this issue, concluding:

> "K.S.A. 2018 Supp. 21-6615(a) [which is identical to K.S.A. 2020 Supp. 21-6615(a)] does not mandate a district court to apply jail time credits earned to the prison sentence chosen by the defendant when a defendant has two separate cases pending in the same county and the defendant was sentenced to prison sentences on both cases but granted probation in one case." *Bennett*, 2019 WL 4126567, at *10.

Our discussion in *Bennett* belies Bowman's concern that this issue will evade appellate review. We are therefore not convinced that our continued consideration of Bowman's case—when we can provide Bowman no relief—is necessary or warranted.

Finally, we question whether the impediment to our consideration of Bowman's appeal might better be described in terms of standing rather than mootness. As we have indicated, mootness is a prudential doctrine whereby courts decline consideration of cases when they can provide no meaningful relief. See *Roat*, 311 Kan. at 584. Courts have declined to consider cases on mootness grounds when, for example, a person challenges his or her criminal history score after already serving the sentence imposed. See 311 Kan. at 601-02. Similarly, a case may be moot when someone continues to challenge the revocation of probation after he or she has already completed the underlying prison sentence. See *State v. Kincaid*, No. 122,663, 2021 WL 2386017, at *3 (Kan. App. 2021)

8

(unpublished decision). These are not situations where the appellants had received all the relief they requested; rather, the cases became moot because the appellate court was no longer in a position where it could provide redress for the errors alleged.

Bowman's case differs from these examples in that her claim has already been resolved in her favor. Unlike mootness, standing is a jurisdictional requirement. *Baker v. Hayden*, 313 Kan. 667, Syl. ¶ 1, 2021 WL 2766413 (2021). And considerations of standing are not subject to the exceptions to the mootness doctrine. 313 Kan. at 677, 2021 WL 2766413, at *7. We question whether Bowman continues to suffer "some actual or threatened injury because of the challenged conduct"—that is, whether she continues to have standing to assert her claim on appeal. 313 Kan. 667, Syl. ¶ 6, 2021 WL 2766413,Syl. ¶ 6; see also 313 Kan. 667, Syl. ¶ 5, 2021 WL 2766413, Syl. ¶ 5 ("A party can have standing as a lawsuit begins but lose it before the case is resolved if circumstances change.").

Despite these questions, we are mindful that the parties in this case framed their arguments in terms of mootness and have been given no opportunity to argue whether Bowman continues to have standing to appeal the district court's decision. Because we dismiss the appeal on mootness grounds, we need not consider whether Bowman would have standing to appeal if the case had remained pending.

Bowman has already received the jail-time credit she sought on appeal, and this court cannot grant her any other meaningful relief. We therefore dismiss Bowman's appeal as moot.

Appeal dismissed.