NOT DESIGNATED FOR PUBLICATION

No. 127,257

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MANUEL BERMUDEZ III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; RICHARD MARQUEZ, judge. Submitted without oral argument. Opinion filed March 13, 2026. Reversed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Tamara S. Hicks*, assistant county attorney, *Susan H. Richmeier*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM: Manuel Bermudez III pled no contest to one count of possession of methamphetamine in each of two separate cases. At sentencing, the district court applied K.S.A. 21-6805(f)(1), otherwise known as "Special Rule 26," to sentence Bermudez to 16 months in prison in each case, and ordered his sentences to run consecutively. Under Special Rule 26, a third or subsequent conviction for possession of a controlled substance under certain Kansas statutes results in a presumed prison sentence. Without the application of Special Rule 26, Bermudez' sentences would have each fallen into a

1

presumed probation category. Bermudez finished serving both sentences on November 25, 2024.

On appeal, Bermudez argues that the district court erred in its application of Special Rule 26 because his prior conviction in Texas for possession of methamphetamine could not be considered under the special rule. The State did not address the merits of Bermudez' appeal but argued that his appeal should be dismissed as moot because Bermudez has served his sentences.

After a thorough review of the record, we first find that Bermudez' claim is not moot. He has alleged, with the required specificity under Kansas law, the existence of a substantial interest in a legal malpractice claim that would be impaired by dismissal. We further find that the district court erred in its application of Special Rule 26. Accordingly, we reverse the portion of the district court's sentencing order related to its application of Special Rule 26.

FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Finney County, Kansas. There, Bermudez pled no contest to one count of possession of methamphetamine each in Case Number 21CR490 and Case Number 22CR65. A presentence investigation report (PSI) was filed in each case indicating Bermudez' criminal history was F. Since each of his convictions was classified as a level 5 drug felony, his sentence in each case would have ordinarily fallen in a presumptive probation category under the Kansas Sentencing Guidelines. K.S.A. 21-6805(a).

Instead, the PSI in each case indicated that the sentence for each offense was presumed prison, due to the application of "Special Rule 26, Third or Subs[equent] Felony Drug Possession," which is codified at K.S.A. 21-6805(f)(1). Bermudez' criminal

history worksheet listed a prior possession of methamphetamine conviction from Texas. The other requisite prior conviction for Special Rule 26 was from a cross-scoring of the convictions in 21CR490 and 22CR65 so that the current conviction in each case served as a prior conviction in the other. Prior to sentencing, Bermudez filed a motion for dispositional or durational departure in each case. At sentencing, the district court denied Bermudez' departure motions and sentenced him to 16 months in prison in each case, with the sentences to run consecutively, for a total prison term of 32 months. Bermudez served both prison sentences and was released from prison on November 25, 2024.

ANALYSIS

I.    IS BERMUDEZ' CAUSE OF ACTION MOOT BECAUSE HE HAS COMPLETED HIS UNDERLYING SENTENCE?

The State's sole argument on appeal is that Bermudez' appeal is moot because he has finished serving his prison sentences in this matter.

*Standard of Review*

The determination of whether a case is moot is subject to de novo review on appeal. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020), *overruled on other grounds by State v. Phipps*, 320 Kan. 616, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025.

We consider mootness under a shifting burden of proof:

"In an appeal solely challenging a sentence, the party asserting mootness may establish a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence. The burden then shifts to the party opposing the mootness challenge to show the existence of a substantial interest that

3

would be impaired by dismissal or that an exception to the mootness doctrine applies. [Citation omitted.]" *Roat*, 311 Kan. at 593.

We pause here to note recent developments concerning the application of the mootness doctrine in Kansas. Recently, the Kansas Supreme Court issued its opinion in *State v. Phipps*, 320 Kan. 616, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025. In *Phipps*, the Kansas Supreme Court overruled *Roat*'s mootness analysis and instead held that mootness is a jurisdictional bar for appellate courts. But the Kansas Supreme Court has now granted rehearing in *Phipps*, effectively suspending its previous decision. See Supreme Court Rule 7.06(c) (2025 Kan. S. Ct. R. at 51). Accordingly, we will proceed under *Roat*'s governing framework.

*Discussion*

Because Bermudez does not contest that he has finished serving his sentences, the State has made "a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence." *Roat*, 311 Kan. at 593. As a result, the burden shifts to Bermudez to demonstrate "the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593.

Bermudez claims that he possesses an interest in a potential legal malpractice claim against his trial attorney, and that this "substantial interest" would be impaired by dismissal.

As a rule, Kansas appellate courts do not decide moot questions or render advisory opinions. *Roat*, 311 Kan. at 590; *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). But "the prospect of a suit for damages may create a sufficient interest in the case pending before the court to allow the case to survive assertions of mootness." *Roat*, 311 Kan. at 594.

It is well-established that a criminal defendant may seek damages against his or her counsel for legal malpractice. See *Canaan v. Bartee*, 276 Kan. 116, 120, 72 P.3d 911, *cert. denied* 540 U.S. 1090 (2003). But a defendant must first obtain postconviction relief in his or her criminal case before bringing an action alleging malpractice against his or her criminal defense attorney. 276 Kan. 116, Syl. ¶ 2. This requirement is often described as the "exoneration rule." Under the exoneration rule, a defendant is required to receive postconviction relief before they may bring a legal malpractice claim. *Garcia v. Ball*, 303 Kan. 560, 572, 363 P.3d 399 (2015). Under certain circumstances, a defendant's legal interest in postconviction relief can create a "sufficient interest" to overcome mootness. *Roat*, 311 Kan. at 594.

Having established that it is *possible* to overcome mootness through the possessory interest of a potential legal claim, we next examine the proof required to succeed.

In *Roat*, the defendant filed a motion to correct an illegal sentence. The district court denied the motion and Roat appealed. While the case was pending on appeal, Roat completed his sentence. The State argued that Roat's appeal was moot, but Roat maintained that his case was not moot because he was considering a claim for legal malpractice. Roat described his potential legal malpractice claim in response to a show-cause order based on mootness:

> "'[A] judgment in this case is necessary to determine whether Mr. Roat may pursue a legal malpractice claim against his trial attorney . . . . Here, if Mr. Roat served prison time he should not have, he may pursue a cause of action against his trial attorney for allowing his criminal history score to go uncorrected. But that action can only be brought upon a judicial determination the [*sic*] Mr. Roat's criminal history score is actually incorrect. [Citation omitted.]'" 311 Kan. at 596.

5

The Kansas Supreme Court found that while "[t]he preservation of rights for future litigation is an interest that may preserve an appeal from dismissal based on mootness," Roat did not meet this burden because he did not adequately describe his underlying claim. 311 Kan. at 594. The court described Roat's claim as a "hypothetical legal malpractice claim." 311 Kan. at 597.

The court also clarified that a potential legal malpractice claim must be nonfrivolous and arguable to overcome mootness:

> "A plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim in forward-looking prisoner actions that seek to remove roadblocks to future litigation. See *Lewis v. Casey*, 518 U.S. 343, 352-53 & n.3, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). The predicate claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than just 'hope.'" *Christopher*, 536 U.S. at 416. Roat falls short of meeting this requirement.
>
> "Roat provides little in the way of the details of what he might assert as a factual basis for a legal malpractice claim. He leaves it to the appellate courts to flesh out the nature of his claims against his trial counsel." 311 Kan. at 596-97.

On the same day *Roat* was released, the Kansas Supreme Court issued its opinion in *State v. Tracy*, 311 Kan. 605, 466 P.3d 434, (2020). Tracy filed a motion to correct an illegal sentence in district court, arguing the court improperly included out-of-state convictions in his criminal history score. The district court denied the motion and Tracy appealed. As the case made its way through the appellate courts, Tracy finished serving his prison sentence, and the State argued the appeal was moot. Tracy countered that his case was not moot because he might want to pursue a legal malpractice claim against his trial attorney in the future. 311 Kan. at 609-10. Tracy provided no detail about what his future cause of action might be. He simply argued that he was entitled to relief "due to the improper classification of his criminal history." 311 Kan. at 609-10. The Kansas

6

Supreme Court held that "[g]iven the superficial nature of his entirely hypothetical contention, we hold Tracy fails to adequately support his claim." *Tracy*, 311 Kan. at 610.

In *State v. Spears*, No. 123,030, 2021 WL 4352536 (Kan. App. 2021) (unpublished opinion), the defendant completed his sentence but argued his case was not moot because he "sustained damages by serving a longer prison term than he would have with his correct criminal history score." *Spears*, 2021 WL 4352536, at *3. In an effort to overcome mootness, Spears set forth the elements of a potential legal malpractice claim, but the panel concluded that Spears did not provide evidence of the required element of harm.

> "Yet even assuming that the first three elements are sufficient, we find Spears' damages theory is not arguable. Spears must raise a nonfrivolous claim that his attorney caused him injury, which caused him actual loss or damage. See *Mashaney*, 302 Kan. at 639. The problem with Spears' damages theory is that it is purely retrospective and speculative, and the record is unclear as to any harm Spears suffered." 2021 WL 4352536, at *4.

Thus, in *Roat* and *Tracy,* the defendants failed to articulate their potential malpractice claims with sufficient factual clarity to survive mootness. And though we are not bound by the panel's decision in *Spears*, see *State v. Fleming*, 308 Kan. 689, 706, 423 P.3d 506 (2018), we note that the panel in *Spears* found the defendant failed to demonstrate the required element of harm. But the facts alleged by Bermudez in the present case overcome each of those barriers and provide Bermudez a basis for relief from a dismissal based on mootness.

The elements of a legal malpractice action are duty, breach, causation, and damages. *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. 625, 639, 355 P.3d 667 (2015). As to duty, Bermudez alleges, "A criminal defense lawyer 'is obligated to research relevant law to make an informed decision whether certain avenues will prove

fruitful.'" *State v. Dinkel*, 314 Kan. 146, 152, 495 P.3d 402 (2021) (quoting *Heard v. Addison*, 728 F.3d 1170, 1179 [10th Cir. 2013]). He specifically argues that his attorney at sentencing had an obligation to review his PSI and determine whether the application of Special Rule 26 was legally appropriate. As to breach, he alleges the plain language of K.S.A. 21-6805(f)(1) indicates that Special Rule 26 only applies to prior Kansas convictions. Bermudez' attorney at sentencing failed to object to the PSI or the district court's application of Special Rule 26. And as a result of his attorney's failure to object to the PSI, or argue against the application of Special Rule 26, Bermudez says he was sentenced to prison for 32 months instead of receiving probation. It is uncontroverted that if no special rule applied, both of Bermudez' convictions would have fallen into a presumed probation category.

As we explain below, the district court erred in applying Special Rule 26 in Bermudez' cases and did so without objection from Bermudez' attorney. The sentencing transcript indicates that Bermudez' defense attorney believed that the application of Special Rule 26 was correct. When asked if she agreed with the district judge's statement, "I show that special rule number 26 applies, which would be a third or subsequent felony drug possession," the attorney responded, "Yes." These allegations, if proven, could arguably establish causation. As to harm, we note that incarceration was not contemplated by the parties within the plea agreement. "It is believed the Defendant has a low criminal history score and will fall in a presumptive probation box. It is the agreement of the parties that even if a Special Sentencing Rule applies that requires prison, the parties will recommend probation." Instead, it appears that because of an erroneous application of a special sentencing rule, Bermudez may have been sentenced to prison instead of probation, and if true, those allegations could arguably establish the element of harm. We draw no further conclusion as to the merits of Bermudez' legal malpractice claim as that matter is not properly before us.

In contrast to *Roat*, *Tracy*, and *Spears*, Bermudez has alleged "a 'nonfrivolous,' 'arguable' underlying claim" that seeks "to remove roadblocks to future litigation." *Roat*, 311 Kan. at 596. We find that Bermudez has met his burden of proof "to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593. We therefore find Bermudez' claim is not moot.

## II. DID THE DISTRICT COURT IMPOSE AN ILLEGAL SENTENCE WHEN IT RELIED ON AN OUT-OF-STATE CONVICTION TO APPLY K.S.A. 21-6805(f)?

*Standard of Review*

Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019).

*Discussion*

First, we note that the State only briefed the issue of mootness and did not respond to the merits of Bermudez' appeal. An issue not briefed is deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Notwithstanding the State's waiver, we will briefly address the merits of this appeal. At his sentencing, Bermudez did not object to his criminal history score or to the application of Special Rule 26. The combination of Bermudez' criminal history score of F along with the drug severity level 5 classification of each offense would have resulted in a presumptive probation sentence but for the application of a special rule. K.S.A. 21-6805(a). The district court used a prior possession of methamphetamine conviction from

9

Texas to trigger the application of Special Rule 26. Instead of probation, Bermudez was sentenced to 32 months in prison.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. "When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words." *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022).

Special Rule 26, the special sentencing provision found in K.S.A. 21-6805(f)(1), states:

> "The sentence for a third or subsequent felony conviction of K.S.A. 65-4160 or 65-4162, prior to their repeal, K.S.A. 21-36a06, prior to its transfer, or K.S.A. 21-5706, and amendments thereto, shall be a presumptive term of imprisonment and the defendant shall be sentenced to prison as provided by this section."

It is uncontroverted that Bermudez' current crimes of conviction were two convictions in two separate cases for possession of methamphetamine under K.S.A. 21-5706(a). The district court properly cross-scored the convictions in those two cases against each other to determine there was one present and one prior felony conviction for possession of a controlled substance in each case. As a panel of our court recently explained, "if a defendant pleads guilty to two crimes on the same day in two separate cases, the conviction in each case counts against the other case as a prior conviction." *State v. McKinzy*, No. 121,464, 2021 WL 4496098, at *1 (Kan. App. 2021) (unpublished opinion).

The district court then relied on a 2022 conviction for possession of methamphetamine out of Cooke County, Texas for the "third or subsequent felony conviction" that the court believed triggered Special Rule 26. K.S.A. 21-6805(f)(1).

10

K.S.A. 21-6805(f)(1) specifically includes violations of only four possible Kansas statutes that can trigger Special Rule 26: "K.S.A. 65-4160 or 65-4162, prior to their repeal, K.S.A. 21-36a06, prior to its transfer, or K.S.A. 21-5706, and amendments thereto. . . ." The plain language of K.S.A. 21-6805(f)(1) does not include prior out-of-state convictions. The legislature limited the language of the statute to prior violations of only four specific *Kansas* statutes. Under the plain language of the statute, an out-of-state conviction does not qualify as a "third or subsequent felony conviction" under K.S.A. 21-6805(f)(1).

Other panels of our court have also concluded that the express language of a statute often controls whether an out-of-state offense may satisfy a "prior offense" requirement in our criminal sentencing statutes. See *State v. Sargent*, No. 105,053, 2011 WL 5027118, at *5 (Kan. App. 2011) (unpublished opinion) ("First, the plain meaning of the forgery statute's progressive sentencing scheme suggests that only convictions 'of a violation of this section [K.S.A. 21-3710]' are relevant; out-of-state convictions are not mentioned."); *State v. Kelly*, No. 100,398, 2009 WL 3378205, at *4 (Kan. App. 2009) (unpublished opinion) ("Repeated references to the use of convictions in other jurisdictions is apparent in other statutes, and even within [K.S.A. ]21-4704, but the same language is not found in K.S.A. 2006 Supp. 21-4704(1). If this is truly an oversight as implied by the State, then the remedy lies with the legislature, not the courts.").

Turning back to K.S.A. 21-6805(f)(1), the preceding paragraph of the same statute, K.S.A. 21-6805(e), provides:

> "[t]he sentence for a second or subsequent conviction for unlawful manufacturing of a controlled substance, K.S.A. 65-4159, prior to its repeal, K.S.A. 2010 Supp. 21-36a03, prior to its transfer, K.S.A. 21-5703, and amendments thereto, *or a substantially similar offense from another jurisdiction* . . . shall be a presumptive term of imprisonment . . . ." (Emphasis added.)

11

The intent of the legislature can be ascertained by the exclusion of out-of-state convictions in one paragraph of the statute, K.S.A. 21-6805(f)(1), and the specific inclusion of out-of-state convictions in another—K.S.A. 21-6805(e). Considering the plain language in both paragraphs of the statute, K.S.A. 21-6805(f) does not allow for the inclusion of prior out-of-state convictions when applying Special Rule 26.

Finally, this interpretation is also consistent with the explanation of Special Rule 26 found in the Revised Kansas Sentencing Guidelines Desk Reference Manual 52 (2025):

"26. Third or Subsequent Conviction for Drug Possession"

"The sentence for a third or subsequent felony conviction of K.S.A. [] 21-5706 shall be presumed imprisonment. Such sentence shall not be considered a departure and shall not be subject to appeal. K.S.A. 2025 Supp. 21-6805(f)(1). There is no indication in the statute it would include priors that are substantially similar offenses from another state."

We find that the district court erred in applying Special Rule 26 when ordering Bermudez' sentence. We reverse the district court's order applying Special Rule 26, but remand is not necessary as Bermudez has already served the entirety of his sentences.

Reversed.